## PLUMMER *versus* STURTEVANT.

A surveyor of highways has no authority to subject to a public easement any land, not lying within the lines of the road.

However important to the public it may be, to have the water turned off from the highway, the surveyor has no authority to make a ditch, for that purpose, through adjoining improved lands.

For such an act, trespass may be maintained by the owner of the land.

TRESPASS *quare.*

The defendant entered upon the plaintiff's land, and there excavated a ditch about fifteen rods long and one to two feet

deep, and three to four feet wide. This was done in order to turn the water from the highway, where it was flowing from the side-hill above.

The defendant, by brief statement, justified as a surveyor of highways.

The case was submitted to the court for a nonsuit or default, according to legal rights.

*Dickerson*, for the plaintiff.

*Abbott* and *Howes*, for the defendant.

When a public highway is established, whatever is necessary to the proper enjoyment of the easement, passes as incidental; and if the ditch, opened by defendant, was necessary for the protection of the road; was dug in the most suitable place, or even in a proper place; was dug no longer, deeper or wider than was necessary to effectually carry off the water; and no unnecessary injury was done to the plaintiff's close; then this action cannot be maintained.

The public have an *easement* in their highways, giving them the right to repair, use and protect them, for purposes of travel; and if, in making, repairing, using, or protecting them, it becomes necessary to overstep the prescribed limits of the highway, the right so to do is incidental to the principal right. It is a *secondary easement* arising from the necessity of the case, and it is just as proper and as legal for the public to exercise and enjoy the *incidental* right or *secondary easement* as it is for them to exercise and enjoy the principal right or easement. Both are acquired by the laying out of the highway, and both are paid for in the allowance for damages to the owner of the soil.

Wherever a right or power is given, *in express terms*, all other powers and rights necessary to the proper enjoyment of those expressly given, are incidental or implied.

Easements of whatever kind, are accompanied by such *secondary* easements, as are necessary to the proper enjoyment of the principal ones. 5 Metc. 434.

It is not only a right but a duty, imposed upon highway

surveyors, to make all such bridges, culverts and drains, as may be necessary to effectually carry off the water, and protect the roads from injury ; and the law, which imposes the duty, will protect them in the use of all necessary measures. 21 Pick. 348 ; 13 Maine, 255 ; 3 Salk. 132.

If the *drain* was necessary for the preservation of the road, necessary to keep it in a safe and suitable condition for travel-ers, and was opened in a suitable place, then the opening of it was authorized by positive enactment. Revised Statutes, chap. 25, sect. 71.

The public had a right by prescription to re-open the drain. 18 Maine, 69.

The defendant was a *public* agent. He owed duties as a *public officer*, not only to the town, but to the traveling public. The law made it his duty to see that the road was kept in a suitable condition.

The place, where the ditch was made, was the natural channel, or place where the water from the side-hill above naturally passed off, and if so, the surveyor had a right to re-open it.

HOWARD, J. — The alleged trespass consisted in the defendant's entering the plaintiff's enclosure without license, and removing a portion of his fences, and ploughing up a strip of his land, about fifteen rods in length, and digging a ditch through it, from one to two feet deep, and from three to four feet wide, for the purpose of conducting off water which flowed down an adjacent highway. This ditch conveyed the water across the plaintiff's pasture and field, to the land of another person, but it drifted and deposited gravel on the plaintiff's land, thereby doing damage.

The defendant pleaded the general issue, and by a brief statement, justified the supposed acts of trespass, as having been done " in the lawful discharge of his duty as a highway surveyor in the town of Searsmont, in repairing the public highway in said town, and opening water-courses to protect said

public highway." If the justification be insufficient, the defence must fail upon the facts proved, or not disputed.

The duties of a surveyor of highways are prescribed by statute, and his power and authority, in respect to the construction and repairs of public roads, are derived wholly from statutory provisions. He may, within his district, remove any obstacle, natural or artificial, that obstructs, or is likely to obstruct, or render dangerous the passage of any highway or town way. R. S. chap. 25, sec. 71. "He may also dig for stone, gravel or other materials, suitable for making or repairing the roads, in any land not planted nor enclosed, and the same may remove to any place on the roads in his district, where he may judge it necessary." Sec. 72. But he is not authorized by law to appropriate the lands of individuals, lying without the limits of the roads, and enclosed, to the convenience or necessities of the public. As a surveyor, the jurisdiction of the defendant was limited, and confined within definite bounds, and beyond that, his official capacity could not give him any rights, immunities, or protection, not enjoyed by other citizens.

The evidence does not sustain the position, that "the place where the ditch was made was the natural channel or place where the water from the side-hill above naturally passed off, and if so, the surveyor had a right to re-open it." Nor does it support the argument, that the public had acquired by prescription, a right, or an easement, principal or secondary, to turn the flow of water from the highway on to the plaintiff's land. And it does not appear that such diversion of the water was necessary to the enjoyment of the right of way by the public; although it is proved that the water, when suffered to flow down the ditches by the sides of the road, had injured it, and that it could be more conveniently directed on to the land of the plaintiff, than in any other direction; and that the channel made by the defendant, was suitable for the purpose for which it was constructed. But it was not the duty of the defendant, and he did not possess the power, to subject the estate of the plaintiff to a servitude to the public in

the manner attempted. In our opinion his supposed justification is insufficient, and his attempt to perform a duty has resulted in committing a trespass upon the property of the plaintiff. Damages were assessed by a jury in the District Court, for the sum of five dollars, and for that amount, upon the evidence before us, the plaintiff is entitled to judgment.